IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 1:10 cr 413 |
| | ) | |
| FAROOQUE AHMED | ) | |
| | ) | |
| Defendant | ) | |

<u>GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER</u>

The United States of America hereby moves this Court, pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2004) ("CIPA"); the Security Procedures Established Pursuant to Pub. L. 95-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA section 9); Federal Rules of Criminal Procedure 16(d) and 57; and the general supervisory authority of the Court, for the purpose of protecting the national security, to enter the attached Protective Order regarding the disclosure and dissemination of classified national security information and/or documents, and in support thereof states as follows:

1.    Defendant FAROOQUE AHMED has been charged by indictment with Attempting to Provide Material Support to a Designated Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B, Collecting Information to Assist in Planning a Terrorist Attack on a Transit Facility, in violation of 18 U.S.C. § 1992(a)(8), and Attempting to Provide Material Support to Terrorists, in violation of 18 U.S.C. § 2339A.   In essence, the charges allege that the defendant attempted to assist al-Qaeda in planning terrorist attacks on Metrorail facilities in Northern Virginia.

2.       The United States believes that there is classified information related to this case that may be subject to disclosure in advance of trial under applicable rules, statutes and/or case law.  Thus, during the course of this prosecution, counsel for the defendants *may* be provided access to certain United States government documents and information which is classified at the "Confidential,"  "Secret," and perhaps "Top Secret" levels, and which may be subject to additional restrictions on handling and dissemination within those levels.  "Top Secret" information is information the unauthorized disclosure of which could be reasonably expected to cause grave damage to the national security;  "Secret" information is information the unauthorized disclosure of which could be reasonably expected to cause serious damage to the national security; and "Confidential" information is information the unauthorized disclosure of which could be reasonably expected to cause damage to the national security.  Exec. Order No. 13,526.

3.       Executive Order 13,526 sets forth the requirements for access to classified information and states that before such access is given, all persons must be cleared by the appropriate agency head or designee, and have a need-to-know.  Exec. Order No.  13,526 § 4.1(a)(1) & (3), 75 Fed. Reg. 707 (Jan. 5, 2010).  Unauthorized disclosure of classified information constitutes a violation of federal criminal law.  *See, e.g.,* 18 U.S.C. § 798 (prohibiting unauthorized disclosure of classified information).  Accordingly, this Court must establish procedures to ensure that there is no disclosure or dissemination of the classified documents or information in this case, except as provided by order of this Court.

4.    The undersigned counsel for the government, as well as the persons listed in Paragraph 10 of the proposed Protective Order, hold "Top Secret Sensitive Compartmented

Information" security clearances issued by the United States government and are authorized to have access to the classified information involved in this case.[1]  The persons listed in paragraph Nine of the proposed Protective Order are Department of Justice Court Security Officers who also hold "Top Secret Sensitive Compartmented Information" security clearances issued by the United States government and who also are authorized to have access to the classified information involved in this case.

     5.     CIPA provides procedures designed to protect the rights of a defendant while minimizing the associated harm to national security in cases where classified information may be relevant to the criminal proceedings.  *See e.g., United States v.  Abu Ali*, 528 F.3d 210, 245-46 (4th Cir.  2008).  Section 3 of CIPA, as well as Rules 16(d)(1) and 57 of the Federal Rules of Criminal Procedure authorize the Court to issue a protective order to prevent disclosure or dissemination of sensitive information that could compromise national security.  The legislative history of CIPA reflects the type of protection that can be sought in a protective order to ensure that classified information is not improperly revealed and disseminated:

> The court is given authority to issue orders protecting against the disclosure of classified material in connection with the prosecution by the United States. . . . The details of each order are fashioned by the trial judge according to the circumstances of the particular case.  The terms of the order may include, but need not be limited to, provisions: (1) prohibiting the disclosure of the information except as authorized by the court; (2) requiring storage of material in a manner appropriate for the level of classification assigned to the documents to be disclosed; (3) requiring controlled access to the material during normal business hours and at other times upon reasonable notice; (4) requiring the maintaining of logs

---

[1]  Sensitive Compartmentalized Information is classified information that concerns or is derived from intelligence sources, methods, or analytical processes that is required to be handled within formal limited access control systems.  *See, e.g., Guillot v. Garrett*, 970 F.3d 1320, 1322 n.1 (4th Cir. 1992) (describing Sensitive Compartmentalized Information).

recording access by all persons authorized by the court to have access to the classified information in connection with the preparation of the defense; (5) requiring the making and handling of notes taken from material containing classified information; and (6) authorizing the assignment of government security personnel and the provision of Government storage facilities.  Punishment for violation of a protective order would be a contempt of court.

S. Rep. No. 96-823, at 6, (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4299.

6.   Pursuant to this well-established authority, courts have repeatedly entered protective orders to protect the national security interests of the United States in criminal prosecutions involving classified information.  *See, e.g., Abu Ali*, 528 F.3d at 250 (discussing protective order entered during CIPA phase of criminal prosecution).  Indeed, earlier this year, the Fourth Circuit discussed the issuance of a protective order in that case that restricted access to classified information to persons with necessary security clearances, including defense counsel.  *United States v.  Moussaoui*, 591 F.3d 263, 267 (4th Cir. 2010).

6.  Counsel for the defendant have notified undersigned counsel that they do not oppose entry of the proposed order.

WHEREFORE, the government respectfully moves that the Court issue the attached Protective Order.

Respectfully submitted,

Neil H. MacBride
United States Attorney

     /s/
Gordon D. Kromberg
Assistant United States Attorney
Attorney for United States
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
FAX: 703-299-3981
Email Address: gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2010, I electronically filed the foregoing Government's Motion For A Protective Order, Proposed Protective Order, and Memorandum of Understanding, with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Todd Richman
Kenneth Troccoli
Office of the Federal Public Defender
1650 King Street
Suite 500
Alexandria, VA 22314


_____/s/_____
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov