IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 1:10 cr 413 |
| | ) | |
| FAROOQUE AHMED, | ) | |
| | ) | |
| Defendant | ) | |

CONSENT ORDER OF FORFEITURE

WHEREAS, defendant pled guilty to attempting to provide material support to a designated terrorist organization, in violation of Title 18, United States Code, Section 2339B, and to collecting information with the intent to assist in the planning of a bombing at a rail station, in violation of Title 18, United States Code, Section 1992(a)(8);

WHEREAS, all assets of an individual engaged in planning or perpetrating any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens, or residents of the United States, or their property, are subject to forfeiture pursuant to Title 28, United States Code, Section 2461 (incorporating Title 18, United States Code, Section 981(a)(G));

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 7(c)(2), 32.2, and 43(a) with respect to notice in the indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court;

U.S. v.  Ahmed, Crim. No.  1:10 cr 413
Consent Order of Forfeiture
Page 2

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED

THAT:

1.  The following property, representing assets of an individual engaged in planning or perpetrating any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens, or residents of the United States, or their property, is forfeited to the United States pursuant to Title 28, United States Code, Section 2461 (incorporating Title 18, United States Code, Section 981(a)(G)):

  a.      $2,651.46 from a BB&T Bank account with a number ending in 8182;

  b.      $2,400.94 from a BB&T Bank account with a number ending in 8305;

  c.      $443.06 from a BB&T Bank account with a number ending in 0771;

  d.      $2,675.78 from a SunTrust Bank account with a number ending in 7364; and

  e.      One green 2006 Honda Accord, VIN: 1HGCM56415A120045.

  f.      Assorted firearms and ammunition seized from the defendant's residence on October 27, 2011, including:

    i.      One Smith & Wesson pistol, bearing serial number RAL 1237;
    ii.     One Remington rifle with scope, bearing number C2612781;
    iii.    One Stoeger STF 3000 12 gauge double barrel shotgun;
    iv.     One lot of Winchester rifle rounds;
    iv.     One ammunition container with approximately 465 bullets of .22 and .40 caliber; and
    v.      One tune-up kit, with approximately 22 rounds of .40 caliber and 11 rounds of .22 caliber.

2.  The Attorney General, Secretary of Homeland Security, or Secretary of the Treasury, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any

U.S. v. Ahmed, Crim. No. 1:10 cr 413
Consent Order of Forfeiture
Page 3

discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3).

3. The United States shall publish notice of this order and of its intent to dispose of the property one time in such manner as the Attorney General may direct, and to include publication on the government's Internet site, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to 21 U.S.C. § 853(n)(1) and (2).

4. This Consent Order of Forfeiture is final as to the defendant, and shall be made part of his sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(3).

5. Any person, other than the defendant, asserting any legal interest in the property may, within 30 days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to 21 U.S.C. § 853(n)(2).

6. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Consent Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2).

7. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Consent Order as necessary to account for said third party rights, shall be entered pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c)(2).

Dated this _____ day of April 2011.

_____