AHMED, Farooque
Reg. No. 77315-083
CMU

---

## Inmate Request to Staff Member Response

This is in response to your Inmate Request to Staff regarding a Compassionate Release/Reduction in Sentence (RIS) based on the provisions for a Debilitating Medical Condition, and the provisions for a Non-Medical Circumstance.

After a review of your request, we will not be pursuing a request for compassionate release on your behalf. Among other review factors, Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§3582(c)(1)(A) and 4205(g), indicates inmates who have been diagnosed with a terminal, incurable disease and whose life expectancy is eighteen months or less, and/or has a disease or condition with an end-of-life trajectory under 18 USC 3582(d)(1), should be considered for a (RIS). Additionally, consideration should include assessment of medical conditions where the inmate is "experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility." A review of your last comprehensive medical summary indicates you do not have a terminal, incurable disease with a life expectancy of eighteen months or less, nor do you have a disease or condition with an end of life trajectory. Furthermore, your last comprehensive medical summary indicates your condition(s) is not to a point where you possess cognitive or physical limitations which substantially diminish your ability to function in a correctional facility (e.g. limitations on activities of daily living such as feeding and dressing oneself).

Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§3582(c)(1)(A) and 4205(g), indicates the criteria for a RIS may include the death or incapacitation of the family member caregiver of an inmate's child, or the incapacitation of an inmate's spouse or registered partner when the inmate would be the only caregiver for the spouse or registered partner. Currently there are no provisions for the care of any other family members.

Accordingly, you are not appropriate for RIS at this time. If you are dissatisfied with this response, you may file an appeal pursuant to Program Statement 1330.18, Administrative Remedy Program, within 20 calendar days of the date of this response.

I trust this addresses your concerns.

1 13 2023
_____
Date

_____
T. Rule, Warden

FAROOQUE AHMED
Reg. No. 77315-083
FCI Terre Haute/CMU
P.O. Box 33
Terre Haute, Indiana 47808


December 23, 2022


Mr. T. Rule, Warden
FCI Terre Haute

In re: Compassionate Release Request.


### INMATE REQUEST TO STAFF MEMBER


Dear Warden:

Pursuant Section 603(b) of the First Step Act of 2018, Public Law No. 115-391, (December 21, 2018, which amended 18 USC § 3582(c)(1)(A) to permit a petitioner to seek modification of his sentence for "extraordinary and compelling reasosns," if the petitioner has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the petitioner's behalf or the lapse of 30 days from the receipt of such request by the warden of the petitioner's facility, whichever is earlier.
Before  the First Step Act amended § 3582(c)(1)(A), a court could only act to reduce a petitioner's sentence for extraordinary and compelling reasons if the Bureau of Prisons filed a motion seeking that relief.  This no longer applies.

Therefore, and as a result of given statutory change, I now respectfully request to be considered and granted Compassionate Release and/or Home Detention otherwise known as Home confinement.


1.

A request for a motion under 18 USC § 3582(c)(1)(A), shall be submitted to the warden. Ordinarily, the request shall be in writing, and submitted by the inmate. An inmate may initiate a request for consideration under § 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing.

"...The inmate request shall at a minimum contain the following information:"

1). The extraordinary or compelling circumstances that the inmate believes warrant consideration;

and,

2). Proposed release plans, including where the inmate will reside, how the inmate will support himself and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

## I. FACTORS TO CONSIDER IN EXTABLISHING EXTRAORDINARY or COMPELLING REASONS WARRANTING COMPASSIONATE RELEASE

In considering Compassionate Release, one may consider the factors set by the Sentencing Commission, as well as any other extraordinary or compelling reasons.  The Sentencing Commission has established that "extraordinary and compelling" reasons warranting release may be based on the following: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; or (D) other reasons, which are defined as "extraordinary and compelling reasons other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, comment.(n.1)(emphasis added). Further, the Fourth Circuit (the applicable law due to Mr. Ahmed being sentenced in the North-Eastern District of Virginia), has made clear that a defendant migt raise," --not just the factors specifically enumerated by the Sentencing Commission. United States v. McCoy,981 F.3d 271(4th Cir.2020).

2.

The realities and associated risks regarding the Covid-19 pandemic within a correctional institution, create a high risk environment for the spread of the coronavirus and its fast and continuing-mutating variants. According to the CDC, at present, in this winter of 2022, there is a "tripledemic" affecting the majority of the continental United States of America, a fact that includes a very particular respiratory illness termed "RSV", this year's seasonal flu, and the newest Covid variant. And, these, when considered alongside the multitude of particular conditions being suffered by this inmate while in a prison setting, constitutes an extraordinary and compelling reason for compassionate release and/or sentence modification.  Even more so, these risks could be exponentially higher for an inmate such as this petitioner who's had a long and documented medical history with a variety of potentially devastating and life-threatening health related conditions.

### i. FAROOQUE AHMED SUFFERS FROM A SERIOUS MEDICAL CONDITION

Since 2011, when this inmate was first incarcerated in the current case of conviction, he developed an irregular heart-beat that slows down his breathing and causes a regular sharp pain in the chest when it occurs, in addition to the experiencing shortness of breath.   Mr. Farooque Ahmed also suffers from extreme allergies which exacerbate his persistent-asthma condition despite being prescribed increased dosages of antihistamines. What'smore, Mr. Ahmed has also been diagnosed with a nasal turbinate hypertrophy due to an enlargement of the nasal conducts on either side of the nasal septum. A condition that causes the continuous drip of mucus-like fluids at a regular basis.  Larynopharyngeal reflux has ensued due to the seeping of fluids from Mr. Ahmed's lungs. And this fact can be  a deadly combination since the Covid-19 virus, in addition to the other respiratory illnesses now affecting the United States.

The buck doesn't stop there, unfortunately, for Mr. Ahmed suffers from high-blood pressure; a condition that has become much more elevated since the onset of the Covid-19 pandemic throughout the Terre Haute-institutional complex.  Mr. Ahmed was himself infected with the coronavirus on  February of 2022, along with the rest of the population in his housing unit.(D-unit/CMU).

3.

Mr. Ahmed also suffers from temporomandibular joint disorder, a condition which forces him to live in a permanent state of pain with never ending and recurrent migrane headaches that do not respond to any medical treatment of any kind. Neck, and back pain has followed incidentally, along with sporadic, but recurrent bouts of dizziness and sleep apnea. Last, but certainly not least, Mr. Ahmed has had surgery to repair a tear in the anterior cruciate ligament and damage (tear) to the medial meniscus of the left knee. Yet, the surgeries did not manage to fully address his mobility issues. Now, Mr. Ahmed has been left with the onset of arthritis (permanently), and given condition causes constant swelling of the knees and a tremendous amount of never-ending discomfort. And, such, will never go away according to Dr. Trueblood, one of the institution's medical authorities. These conditions, as a whole, needless to say, have rendered this inmate daily living a constant struggle for survival.

On the other hand, and in light of this inmate's particular medical issues, he's requesting of your office to consider this request as an urgent matter; more so now that it's been established how the fast mutating Omicron-related variants (Covid-19) to which the the current vaccines do not offer any protection whatsoever, could very negatively impact Mr. Ahmed's wellbeing.

## ii. FAMILY CIRCUMSTANCES

Mr. Ahmed has two elderly parents at home to whom he hopes to become their caregiver. Mr. Ahmed's father is 80 years old and his health has been very compromised since the global Covid-19 pandemic hit the United States. He has had a double bypass heart surgery, testicular surgery, and gallbladder surgery to remove his gallbladder. He's also suffering from high blood pressure and its accompanying diabetes, and a host of otherlesser chronic conditions. On the other hand, Mr. Ahmed's mother is 70 years old, and needless to say, has had a compromised immune system condition that has kept her as a virtual hostage in her own home. And, although Mr. Ahmed has two other adult siblings, they live apart from the parental home while raising and caring for their own families, and their work related obligations. Mr. Ahmed's parents, both, had been afflicted with the Covid-19 twice, and had been left suffering from numerous lingering effects at the outset.

4.

### iii.MR. AHMED"S REHABILITATION IN PRISON MAKES HIS RISK OF RECIDIVISM LOW

Mr. Ahmed has been an exemplary inmate throughout the approximately twelve-and a half (12.5) years he has been incarcerated. And although not a stellar performance, as he has been affected by minor disciplinary violations, quite the opposite he has used his time in prison to work while helping other inmates pursue their educational goals. Mr. Ahmed has worked for the Education Department for a number of years tutoring GED and other ACE (Adult Continuing Education) courses. From the year 2011 to 2016, many fellow inmates at this correctional facility and others where Mr. Ahmed has been housed, have received their GED certification thanks to Mr. Ahmed's efforts in making it possible. (see exhibit). Now, personally, the attached Education Department Transcripted Records attest to the fact that Mr. Ahmed has completed more than 100-educational courses ranging in topics from Physics, Algebra, Biology I,II,III, and IV. What'smore, Mr. Ahmed has a Bachelor Degree in Computer science and was working in the finishing touches of his Master's Degree in Computer Security before he got arrested. In addition to Mr. Ahmed's educational accomplishments in and out the institutional setting, his Case Manager, Ms. Rebekka Eisele completed the "Male Classification Form" for Mr. Ahmed, and classified him as having a "low" security custody score in addition to having a "low" risk of recidivism. (see exhibit attached).

These efforts, in addition to Mr. Ahmed's "low" risk assessments in all levels of his institutional life, without a doubt, should be equally noted as a very substantial factor toward rehabilitation that ought not to be overlooked for the purpose of this request.

### II. PROPOSED RELEASE PLANS, INCLUDING WHERE THE INMATE WILL RESIDE, HOW THE INMATE WILL SUPPORT HIMSELF... INFORMATION ON WHERE THE INMATE WILL RECEIVE MEDICAL TREATMENT, AND HOW THE INMATE WILL PAY FOR SUCH TREATMENT

i. Upon granting of compassionate release or home confinement, this inmate will receive the complete and ample support of his family, who will be at the ready to ensure that Mr. Ahmed's needs, financial, material, and medical, are met.  In addition, Mr. Ahmed's extensive education and experience in Computer science will enable him the ability to find employment pretty much anywhere he wants and irrespective of his now ever-present criminal conviction. Again, and thanks to Mr. Ahmed's superb educational accolades, his chances at earning well into the five figures, it's an accurate possibility.  Last, but not least, Mr. Ahmed really regrets the choices made in the past and that contributed to his conviction in the Eastern District of Virginia. Such past behavior will never be repeated. Mr. Ahmed looks forward to being reunited with his parents, his kids, his siblings, and have the ability to reenter society as a law-abiding individual once and for all.

Consequently, this inmate, Mr. Ahmed Farooque, requests to be allowed the benefit of Compassionate Release and/or Home confinement, as established under Section 603(b) of the First Step Act ("FSA"), which amended 18 USC § 3582(C)(1)(A). This inmate believes that the above mentioned particulars amount to being extraordinary and compelling circumstances, which could not reasonably have been foreseen by the sentencing court at the time of sentencing.

On this <u>24th day of December of 2022.</u>

Respectfully submitted,

Farooque Ahmed
Reg. No.77315-083
FCI Terre Haute/CMU
P.O. Box 33
Terre Haute, In 47808

6.